UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK SULLIVAN, | CASE NO. C13-0803JLR |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CITY OF MARYSVILLE, et al., | |
| Defendants. | |
| BEN DAVIS and RACHEL DAVIS, | |
| Third-Party Plaintiffs, | |
| v. | |
| ROGER HAWKES, et al., | |
| Third-Party Defendants. | |

## I.    INTRODUCTION

Before the court is Defendant and Third Party Plaintiffs Ben Davis' and Rachel

Davis' motion for summary judgment (Mot. # 19).  Mr. Davis argues that Plaintiff Frank

ORDER- 1

1    Sullivan's claims against him and his wife should be dismissed because Mr. Sullivan

2    assigned all of his claims against Mr. Davis to Mr. Davis.  (*See generally* Mot.)  Having

3    considered the submissions of the parties, the balance of the record, and the relevant law,

4    the court DENIES Mr. Davis' motion for summary judgment without prejudice to re-

5    filing a motion on the same theory that is properly supported under Federal Rule of Civil

6    Procedure 56.

7                                    **II.    BACKGROUND**

8          Mr. Sullivan and Jennifer Davis (the mother of Defendant Mr. Davis) lived as

9    domestic partners until Jennifer Davis' death in August 2012.  (Compl. (Dkt. # 1) ¶¶ 4.2-

10   4.6.)  Mr. Sullivan alleges that, after Jennifer Davis' death, Mr. Davis and Janet Brown,

11   the representative of Jennifer Davis' estate ("the Estate"), removed many of Mr.

12   Sullivan's possessions from the house that he had shared with Jennifer Davis.  (*Id.*

13   ¶¶ 4.22-4.29.)   Specifically, Mr. Sullivan alleges that Mr. Davis and Ms. Brown entered

14   the house with the support of the City of Marysville police and carried away numerous

15   items of his personal property over his strenuous objections.  *Id.*

16         Mr. Sullivan previously filed first a creditor's claim and then a lawsuit against the

17   Estate arguing that he was part-owner of the house he had shared with Jennifer Davis.

18   (Resp. (Dkt. # 21) at 6; Mot. at 2-3.)   Mr. Sullivan and the Estate entered into a

19   settlement agreement ("the Settlement") that Mr. Sullivan would receive a cashier's

20   check for $12,222.00 in return for assigning his claims.  (Needle Dec. (Dkt. # 21-1) at 4-5

21   ("Settlement").)  Specifically, the Settlement provided that:

22

Upon receipt of such cashier's check, Frank Sullivan shall sign an assignment of all his claims and his Lis Pendens against the property at 4315 108th N.E., in Marysville, Washington, to a person or entity designated by Janet Brown.

(*Id.* ¶ 2.)  Mr. Davis claims that he provided the funds for the Estate to pay Mr. Sullivan, and in return the Estate dictated that Mr. Sullivan assign his claims to Mr. Davis.  (*See* Davis. Dec. (Dkt. # 23) ¶ 6.)

Mr. Sullivan now brings a complaint alleging claims of conversion and violation of privacy against Mr. Davis.[1]  (Compl.  ¶¶ 5.6, 5.8.)  In his motion for summary judgment, Mr. Davis argues that Mr. Sullivan's claims against him are barred because Mr. Sullivan assigned these claims to Mr. Davis pursuant to the terms of the Settlement.

## III.  ANALYSIS

### A.  Summary Judgment Standard

Federal Rule of Civil Procedure 56 requires a court to grant summary judgment where the moving party demonstrates (1) the absence of a genuine issue of material fact and (2) entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).  The moving party bears the initial burden of production to show an absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  If the moving party will bear the ultimate burden of persuasion at trial, it must establish a prima facie showing in support of its position on that issue.  *UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th

---

[1] Mr. Davis also alleges 42 U.S.C. § 1983 claims against the City of Marysville and City of Marysville police officers.  (*See* Compl. ¶¶ 5.1-5.4.)  These claims are not at issue in this motion.

ORDER- 3

1    Cir. 1994).  That is, the moving party must present evidence that, if uncontroverted at

2    trial, would entitle it to prevail on that issue.  *Id.* at 1473.

3    **B.    Unauthenticated Documents**

4           Mr. Davis' motion is predicated on a document ("the Assignment") that

5    purportedly assigns Mr. Sullivan's claims to Mr. Davis.  The document reads, in relevant

6    part:

7           Frank Sullivan hereby assigns to Benjamin Davis all claims he might have
            against Jennifer Davis, Benjamin Davis, William Davis, the Estate of
8           Jennifer Marie Davis and/or Janet Brown as the Personal Representative of
            the Estate of Jennifer Marie Davis.

9    (Degan Dec. (Dkt. # 20) at 3 ("Assigment").)  The document appears to have been signed

10   by Mr. Sullivan and his former lawyer on March 18, 2013.  (*Id.*)  The signature lines for

11   the Estate and the Estate's lawyer are blank.  (*Id.*)   Mr. Davis argues that this

12   Assignment bars Mr. Sullivan's claims against him.  (Mot. at 4-6.)

13           Mr. Sullivan correctly objects that this document is unauthenticated.  (Resp. at 8.)

14   A trial court can only consider admissible evidence in ruling on a motion for summary

15   judgment.  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

16   Authentication is a "condition precedent to admissibility," *id.*, and this condition is

17   satisfied by "evidence sufficient to support a finding that the matter in question is what its

18   proponent claims."  Fed. R. Evid. 901(a).  The Ninth Circuit has "repeatedly held that

19   'documents which have not had a proper foundation laid to authenticate them cannot

20   support a motion for summary judgment.'"  *Beyene v. Coleman Sec. Servs., Inc.*, 854

21   F.2d 1179, 1182 (9th Cir. 1988) (quoting *Canada v. Blain's Helicopters, Inc.*, 831 F.2d

22

1   920, 925 (9th Cir. 1987)); *see also Orr*, 285 F.3d at 773 (collecting cases).  In order to be

2   considered by the court, documents "must be authenticated by and attached to an affidavit

3   that meets the requirements of [Rule] 56(e) and the affiant must be a person through

4   whom the exhibits could be admitted into evidence.'"  *Orr*, 285 F.3d at 773 (quoting

5   *Canada*, 831 F.2d at 925); *see also* Fed. R. Civ. P. 56(e) (requiring that affidavits be

6   made on personal knowledge and that the affiant be competent to testify to the matters

7   stated therein).  An affiant seeking to authenticate a document via personal knowledge

8   under Federal Rule of Evidence ("FRE") 901(b)(1) must be "a witness who wrote it,

9   signed it, used it, or saw others do so."  *Id.* at n.8 (quoting 31 Wright & Gold, *Federal*

10  *Practice & Procedure: Evidence* § 7106, 43 (2000)).

11          Here, the proffered Assignment is attached to the declaration of Mr. Davis'

12  attorney, Thomas Degan.  (*See* Degan Dec.)  Mr. Degan's declaration states simply,

13  without further explication:  "Attached hereto as Exhibit A is a true and correct copy of

14  the 'Assignment of Claims' executed by Frank Sullivan on March 18, 2013."  (*Id.* at 2.)

15  Mr. Degan admits that he does not have the requisite personal knowledge to authenticate

16  the document under FRE 901(b)(1) because he is not a person who wrote, signed, used,

17  or saw others use the Assignment.  (Reply (Dkt. # 22) at 3); *see also Orr*, 285 F.3d at 774

18  ("It is insufficient for a party to submit, without more, an affidavit from her counsel . . .

19  stating that the [document] is a 'true and correct copy.'")  Therefore, the Assignment is

20  unauthenticated, and the court will not consider it on summary judgment.  *See Carson*

21  *Harbor Vill. v. Cnty. of Los Angeles*, 433 F.3d 1260, 1263 (9th Cir. 2006) (upholding trial

22  court's refusal to consider unauthenticated documents).

1    As a result, Mr. Davis' summary judgment motion fails on its face.  Mr. Davis

2    bears the burden of proof on his affirmative defense that Mr. Sullivan assigned his claims

3    away.  But without the Assignment, Mr. Davis has no evidence to establish a prima facie

4    showing in support of his position.  *See UA Local 343*, 48 F.3d at 1471.  Absent such

5    evidence, Mr. Davis fails to carry his burden as the moving party.  *See id.*

6    The court notes that Mr. Sullivan has not provided affidavits or other evidence

7    supporting many of his factual contentions; rather, Mr. Sullivan's papers largely cite to

8    his complaint.  (*See generally* Resp.)  Ordinarily, the non-moving party "may not rest

9    upon the mere allegations or denials of the [nonmoving] party's pleading," but must

10   provide affidavits or other sources of evidence that "set forth specific facts showing that

11   there is a genuine issue for trial" from which a factfinder could reasonably find in the

12   non-moving party's favor.  Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477

13   U.S. 242, 252 (1986).   A party against whom a motion for summary judgment is

14   directed, however, "need not file any contravening affidavits or other materials but is

15   entitled to a denial of the motion for summary judgment where the movant's papers are

16   insufficient on their face or themselves demonstrate the existence of a material issue of

17   fact."  *Sheet Metal Workers' Int'l Ass'n, Local No. 355 v. N.L.R.B.*, 716 F.2d 1249, 1254

18   (9th Cir. 1983).  Because Mr. Davis' papers are insufficient on their face, Mr. Sullivan is

19   entitled to a denial of the motion for summary judgment.

20   **C.    Mr. Davis' Arguments**

21   Mr. Davis raises three arguments concerning the unauthenticated Assignment:  (1)

22   that the court can authenticate the Assignment under Rule 901(b)(3), (2) that Mr.

1   Sullivan's authentication objection is "purely obstructive" and should therefore be

2   ignored, and (3) that if the court finds the Assignment is not authenticated, Mr. Davis

3   should be granted additional time to establish its authenticity. (Reply at 3,4.) The court

4   rejects these arguments.

5          First, a document may be authenticated by comparing the signature on the

6   document with the signature on another authenticated document. *Desimone v. United*

7   *States*, 227 F.2d 864, 867 (9th Cir. 1955); *see also* Fed. R. Evid. 901(b)(3) (permitting

8   authentication by "comparison with an authenticated specimen by an expert witness or

9   the trier of fact"). Mr. Davis urges the court to compare Mr. Sullivan's purported

10  signature on the Assignment with his signature on the Settlement, which Mr. Sullivan

11  submitted with his response.[2] (Reply at 4.) The problem with this approach is that FRE

12  901(b)(3) permits authentication by comparison by "an expert witness or the trier of

13  fact." Fed. R. Evid. 901(b)(3). But the court does not sit as a trier of fact on a motion for

14  summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150

15  (2000). It is possible, then, that this approach could accomplish nothing more than

16  raising an issue of fact for trial. *See Orr*, 285 F.3d at 784. ("Once the trial judge

17  determines that there is *prima facie* evidence of genuineness, the evidence is admitted,

18  and the trier of fact makes its own determination of the evidence's authenticity and

19  weight.") (citing *Alexander Dawson, Inc. v. NLRB*, 586 F.2d 1300, 1302 (9th Cir. 1978)).

20

---

21  [2] The court notes that Mr. Sullivan fails to adhere to the authentication standard to which he holds Mr. Davis: the Settlement is attached to a declaration of Mr. Sullivan's attorney, Mr. Needle, who neither sets forth the facts—nor appears to otherwise possess the personal knowledge—requisite to authenticate

22  the Settlement. (*See* Needle Dec.) Mr. Sullivan, however, concedes the authenticity of the Settlement. (Reply at 5 n.3.)

ORDER- 7

1 | Because it appears, as discussed in the following paragraphs, that the issue of the

2 | Assignment's authenticity could be more easily resolved, the court declines to take this

3 | approach.

4 |       Second, Mr. Davis argues that Mr. Sullivan's objection to the authenticity of the

5 | Assignment is "purely obstructive," because Mr. Sullivan knows that the Assignment is

6 | what Mr. Davis asserts it to be.  (Reply. at 3.)  Indeed, Mr. Sullivan does not appear to

7 | dispute the genuineness of the Assignment.  (*See generally* Resp.; Surreply (Dkt. # 24).)

8 | Rule 56(c) only requires that a fact be presented in a form that "would be admissible" in

9 | evidence—not necessarily in a form that is admissible now.  Fed. R. Civ. P. 56(c).  And

10 | an exception to the authentication requirement "is particularly warranted in cases . . .

11 | where the objecting party does not contest the authenticity of the evidence submitted but

12 | nevertheless makes an evidentiary objection based on purely procedural grounds."  *Burch*

13 | *v. Regents of Univ. of California*, 433 F. Supp. 2d. 1110, 1121 (E.D. Cal. 2006).

14 |       On the other hand, Mr. Sullivan also asserts that the Assignment has never been

15 | produced in this case.  (Needle Dec. ¶ 4.)  When Mr. Sullivan's attorney deposed Mr.

16 | Davis in November, 2013, he did not have the Assignment in his possession, and Mr.

17 | Davis did not testify about any assignment of claims according to the Settlement.  (*Id.*)

18 | The court is hesitant to decide a dispositive motion predicated almost entirely on a

19 | document that may not have previously surfaced during discovery.[3]  Therefore, out of an

20 |

21 |                —————————————

22 | [3] The court notes that the Assignment and Settlement were attached to Mr. Davis' answer to the complaint; however, his answer was filed on December 11, 2013, only twelve days before the instant summary judgment motion was filed.  (*See* Dkt. # 18.)

1   abundance of caution, the court will wait for authentication of the Assignment to decide

2   the substance of this motion.  Ample amount of time remains in the schedule for either

3   party to bring another motion for summary judgment.  (*See* Sched. Ord. (Dkt. # 10)

4   (dispositive motions due 4/22/14).)  If in fact Mr. Sullivan is aware of the Assignment,

5   the validity of the Assignment can be easily established via a request for admission or

6   other discovery tool.

7          Finally, Mr. Davis requests that the court defer ruling on the motion until he can

8   authenticate the Assignment.  The court finds that this approach is impractical, not least

9   because Mr. Davis has also failed to adequately support the rest of the supporting facts

10  set forth in his summary judgment motion.  Rule 56(e) requires:

11         1) Supporting Factual Positions. A party asserting that a fact cannot be or is
           genuinely disputed must support the assertion by:
12
           (A) citing to particular parts of materials in the record, including
13         depositions, documents, electronically stored information, affidavits or
           declarations, stipulations (including those made for purposes of the motion
14         only), admissions, interrogatory answers, or other materials; . . . .

15  Fed. R. Civ. P. 56(c).  Mr. Davis' original motion states facts surrounding the creation of

16  the Assignment, but does not cite to any materials in the record.  (*See generally* Mot.)  As

17  such, the court cannot consider these facts on summary judgment.  Even if Mr. Davis

18  authenticated the Assignment, this deficiency would remain.

19         Mr. Davis attempts to remedy this deficiency by providing a declaration on reply

20  attesting to certain facts.  (*See* Davis Dec. )  But it is clear that in the Ninth Circuit, new

21  evidence may not be raised in reply briefs.  *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th

22  Cir. 1996) ("Issues raised for the first time in the reply brief are waived.").  When new

1   material is raised, courts have discretion to strike that material.  *See, e.g*, *Tovar v. U.S.*

2   *Postal Serv.*, 3 F.3d 1271, 1273 (9th Cir. 1993) (striking portions of a reply brief that

3   presented new information); *Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*, 308 F.

4   Supp. 2d 1208, 1214 (W.D. Wash. 2003) (striking a declaration with new evidence

5   submitted in reply).

6          Here, Mr. Davis' introduction of new evidence leaves Mr. Sullivan without an

7   adequate opportunity to respond, and Mr. Davis provides no reason why he could not

8   have raised this material earlier.  (*See generally* Surreply.)  Mr. Sullivan stands in

9   particular need of an opportunity to respond because he also failed to support many of the

10  facts stated in his response with citations to affidavits or other parts of the record.  (*See*

11  *generally* Resp.)  In short, the court is currently faced with an almost nonexistent record

12  on which to decide this motion.  Therefore, the court denies Mr. Davis' motion for

13  summary judgment without prejudice to re-filing a motion that is properly supported as

14  required by Federal Rule of Civil Procedure 56.

15                          **IV.    CONCLUSION**

16         For the foregoing reasons, the court DENIES Mr. Davis' motion for summary

17  judgment (Dkt. # 19.)

18         Dated this 5th day of February, 2014.

19

20

21         JAMES L. ROBART
           United States District Judge

22