UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK SULLIVAN,<br><br>              Plaintiff,<br><br>     v.<br><br>CITY OF MARYSVILLE, et al.,<br><br>             Defendants. | CASE NO. C13-0803JLR<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT |

## INTRODUCTION

Before the court is Plaintiff Frank Sullivan's motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).  (Mot. (Dkt. # 25).)  Mr. Sullivan seeks to add information to support his Fourth and Fifth Amendment and state law tort claims against Marysville police officers and the City of Marysville ("the City")[1] and his

---

[1] Mr. Sullivan's Fourth and Fifth Amendment claims against the City and the officers are before the court based on the court's federal question jurisdiction.  28 U.S.C. § 1331.  Mr.

ORDER- 1

state law tort claims against Defendant Ben Davis.[2]  After considering Mr. Sullivan's motion, all submissions filed in support of and opposition to the motion, the balance of the record, and the applicable law, the court GRANTS Mr. Sullivan's motion to amend.

## BACKGROUND

This case arises from a dispute over the estate of Mr. Sullivan's deceased partner, Jennifer Davis (the mother of Defendant Mr. Davis).  (*See* Compl. (Dkt. # 1) ¶¶ 4.22-4.29.)  Mr. Sullivan claims that he was part-owner of the house he shared with Jennifer Davis until her death in August 2012.  (*Id.*)  After Jennifer Davis' death, Mr. Sullivan alleges that Mr. Davis and Janet Brown[3] removed many of Mr. Sullivan's possessions and unlawfully evicted Mr. Sullivan from the house.  (*Id.*)  Specifically, Mr. Sullivan alleges that Mr. Davis and Ms. Brown entered the house with the support of the Marysville police and carried away numerous items of his personal property over his objection during Jennifer Davis' wake.  (*Id.*)

In his original complaint, Mr. Sullivan alleges claims of conversion and violation of privacy against Mr. Davis.  (*Id.* ¶ 5.8.)  Mr. Sullivan also alleges Fourth and Fifth Amendment violations against the City and Marysville police officers under 42 U.S.C.

---

Sullivan's state law tort claims against the City and the officers are before the court based on the court's supplemental jurisdiction.  28 U.S.C. § 1367.

[2] Mr. Sullivan's state law tort claims against Mr. Davis are also before the court based on the court's supplemental jurisdiction.  28 U.S.C. § 1367.  Mr. Sullivan also sued Mr. Davis' wife, listed as "Jane Doe Davis," and the Davises' marital community.  (*See* Compl. (Dkt. # 1) ¶ 1.5.)

[3] Ms. Brown is the representative of Jennifer Davis' estate.  She is not named as a defendant in Mr. Sullivan's complaint, although Mr. Davis filed a third-party complaint against Ms. Brown.  (*See* Ans. (Dkt. # 18).)

§ 1983.  (*Id.* ¶¶ 5.2-5.4.)  Mr. Sullivan further alleges state law tort claims against the officers—also for conversion and violation of privacy—for which he claims the City is liable under a theory of *respondeat superior*.  (*Id.*  ¶¶ 5.5-5.7.)

Mr. Sullivan filed this motion to amend his complaint on January 22, 2014 (*see generally* Mot.), the deadline for amendment per the court's scheduling order, (Sched. Ord. (Dkt. # 10)).  He seeks leave to "add additional facts" in support of his claims against Mr. Davis and the City for "violation of his right to privacy," "illegal eviction from his residence," and "conversion of property."  (Mot. at 2.)

Both Mr. Davis and the City of Marysville filed responses in opposition to Mr. Sullivan's motion.  (*See generally* Davis Resp. (Dkt # 26); City Resp. (Dkt. # 27).)  Mr. Davis argues that amendment would be futile because Mr. Sullivan has assigned all of his claims against Mr. Davis to Mr. Davis as part of a settlement agreement with Jennifer Davis' estate, and thus, Mr. Sullivan may no longer pursue these claims.  (Davis Resp. at 2.)  The City argues that amendment would be futile because Mr. Sullivan's proposed amendments amount to a claim of negligent police investigation, which is not cognizable under Washington State law .  (City Resp. at 1, 4-6.)

In his reply, Mr. Sullivan argues that Mr. Davis' futility argument is inapplicable because Mr. Davis made this same argument in his December 23, 2013, motion for summary judgment, which the court denied.  (Reply (Dkt. # 30) at 4-5; *see also* Ord. Denying SJ (Dkt. # 29).)

## ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that, after an initial period for amendments as of right,[4] pleadings may be amended only with the opposing party's written consent or by leave of the court. Fed. R. Civ. P. 15(a). Generally, "the court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule should be interpreted and applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Federal policy favors freely allowing amendment so that cases may be decided on their merits. *See Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997). The court ordinarily considers five factors ("the *Foman* factors") when determining whether to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The factors are: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment," and (5) whether the pleadings have previously been amended. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990). However, the court need not consider all of these factors in each case. *Atkins v. Astrue*, No. C 10-0180 PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011).

**A.    Futility of Amendment**

Both Mr. Davis and the City argue that amendment would be futile, although for different reasons. (*See* Davis Resp. at 2; City Resp. at 1, 4-6.) The court is not persuaded

---

[4] That period has passed in this case. Amendments as of right are allowed within 21 days of the date of filing a responsive pleading or from the date of filing a Federal Rule of Civil Procedure 12(b), (e), or (f) motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B).

by either Defendant's futility arguments. Further, the court does not consider the other four *Foman* factors because the Defendants did not address them in their responses to Mr. Sullivan's motion. *Cf. Atkins*, 2011 WL 1335607, at *3. The court therefore GRANTS Mr. Sullivan's motion to amend.

A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *accord Atkins*, 2011 WL 1335607, at *4. "Denial of leave to amend [because of futility] is rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); *see also Green Valley Corp. v. Caldo Oil Co.*, No. 09–CV–04028–LHK, 2011 WL 1465883, at *6 (N.D. Cal. Apr. 18, 2011) (noting "the general preference against denying a motion for leave to amend based on futility"). Therefore, "[a] party should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal." *Mahone v. Pierce Cnty.*, No. C10-5847 RLB/KLS, 2011 WL 2009740, at *2 (W.D. Wash. May 23, 2011) (*citing Roth v. Garcia Marquez*, 942 F.2d 617, 629 (9th Cir. 1991)).

Amendment of Mr. Sullivan's pleadings as they relate to his claims against Mr. Davis would not be futile. Mr. Davis argues that allowing Mr. Sullivan to amend his complaint would be futile because Mr. Sullivan assigned all of his claims against Mr. Davis as part of a settlement agreement with Jennifer Davis' estate. (Davis Resp. at 2.)

However, Mr. Davis has not authenticated the alleged assignment document.[5] (*See* Ord. Denying SJ at 4-5.) Until the court can consider an authenticated version of the assignment, it remains undecided whether the assignment's terms would preclude Mr. Sullivan's claims in this action. (*See id.* at 5-6.) Thus, allowing Mr. Sullivan to amend his complaint would not be futile because Mr. Sullivan is still free to pursue these claims at this time and amendment may enable a decision on the merits. Granting amendment in this case is consistent with the strong federal policy in favor of both amendment and decisions on the merits. *See, e.g.*, Fed. R. Civ. P. 15(a)(2); *Green Valley Corp.*, 2011 WL 1465883, at *6.

Amendment of Mr. Sullivan's pleadings as they relate to the City would also not be futile. (City Resp. at 1, 4-6.) The City characterizes Mr. Sullivan's proposed amendment as one to add a claim of negligent police investigation against Marysville police officers and the City. (*Id.* at 5.) The City argues that this claim is not cognizable under Washington State law. (*Id.*) However, a close reading of Mr. Sullivan's motion to amend, proposed amended complaint, and reply brief shows that Mr. Sullivan merely alleges additional facts supporting his Fourth and Fifth Amendment claims and state law tort claims against the City and the police officers. (*See* Mot.; Mot. Attach. 2 ("Proposed Am. Compl."); Reply.) It is therefore not "beyond a doubt" that Mr. Sullivan's proposed allegations would be "subject to dismissal." *Mahone*, 2011 WL 2009740, at *2.

---

[5] The court thoroughly discussed the need to authenticate the assignment document in its February 5, 2014, order denying Mr. Davis' motion for summary judgment. (*See generally* Ord. Denying SJ (Dkt # 29)). The court therefore does not address the authentication issue in detail here.

ORDER- 6

Mr. Sullivan's proposed amendments do not amount to a claim of negligent police investigation. First, Mr. Sullivan does not add a new claim under the "Claims" heading in his proposed amended complaint against the Marysville police officers or the City. (Proposed Am. Compl. ¶¶ 5.1-5.8.) Second, Mr. Sullivan's additional factual allegations related to the Marysville police officers' conduct support his original legal claims of Fourth and Fifth Amendment violations and state law tort claims of invasion of privacy and conversion. (*See, e.g.*, *id.* ¶¶ 4.42-4.43.) In his proposed amended complaint, Mr. Sullivan alleges that the Marysville officers were aware that there was no court order authorizing Mr. Sullivan's removal from his house and that they "actively assisted in effectuating the entry to his residence, his eviction, and the removal of his property over his strenuous objections." (*Id.*) These allegations are directly related to Mr. Sullivan's original claims, which are unchanged in his proposed amended complaint. (*See id.* at ¶¶ 5.1-5.8.) Finally, Mr. Sullivan does not allege negligence or discuss facts supporting a negligence claim against the Marysville police officers or the City in either his original or proposed amended complaint. (*See generally* Compl.; Proposed Am. Compl.) Because he does not seek to add a claim of negligent police investigation, the court finds that allowing Mr. Sullivan to amend his complaint as it relates to the Marysville police officers and the City is not futile.

//

## CONCLUSION

Allowing Mr. Sullivan to amend his complaint would not be futile as to his claims against all Defendants. Accordingly, the court GRANTS Mr. Sullivan's motion to amend his complaint.

Dated this 20th day of February, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 8