1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANK SULLIVAN,

                 Plaintiff,

        v.

CITY OF MARYSVILLE, et al.,

                Defendants.

BEN DAVIS and RACHEL DAVIS,

               Third-Party Plaintiffs,

        v.

ROGER HAWKES, et al.,

          Third-Party Defendants.

CASE NO. C13-0803JLR

ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

## I.  INTRODUCTION

Before the court is Defendants and Third Party Plaintiffs Ben Davis' and Rachel

Davis' renewed motion for summary judgment against Plaintiff Frank Sullivan.  (*See*

ORDER- 1

1   Mot. (Dkt. # 38).)  Defendants argue that Mr. Sullivan's claims against them should be

2   dismissed because Mr. Sullivan previously assigned all of his claims against them to Mr.

3   Davis.  (*See generally* Mot.)  Having considered the submissions of the parties, the

4   balance of the record, and the relevant law, and having heard oral argument, the court

5   GRANTS Defendants' motion for summary judgment.

6                              **II.   BACKGROUND**

7           The following facts are undisputed.  Mr. Sullivan and Jennifer Davis (the mother

8   of Mr. Davis) lived as domestic partners until Jennifer Davis' death in August 2012.

9   (Sullivan Decl. (Dkt. # 41-1) ¶¶ 1, 5.)  After Jennifer Davis' death, Mr. Sullivan claimed

10  a financial equity interest in the house they had shared.  (*Id.* ¶ 5.)  He filed a creditor's

11  claim with her estate, which was rejected.  (*Id.*)  He then brought a lawsuit in Washington

12  state court against Janet Brown, the personal representative of Jennifer Davis' estate ("the

13  Estate").  (*Id.*)

14          This lawsuit was settled in mediation.  (*Id.* ¶ 6.)  Mr. Sullivan and Ms. Brown

15  signed a settlement agreement ("Settlement").  (Dkt. # 38-2 at 12-14 ("Settlement").)

16  The Agreement provided that Mr. Sullivan would receive a cashier's check for

17  $12,222.00 and that "[u]pon receipt of such cashier's check, Frank Sullivan shall sign an

18  assignment of all his claims and his Lis Pendens against the property . . . to a person or

19  entity designated by Janet Brown."  (*Id.* ¶¶ 1, 2.)  Because the Estate did not have

20  sufficient assets to fund the settlement, the Settlement provided that a third party would

21  provide the funds.  (*Id.* ¶ 3.)

22

ORDER- 2

Mr. Davis provided funds of $12,222.00 to the Estate, which the Estate used to pay Mr. Sullivan pursuant to the Settlement.  (Sullivan Decl. (Dkt. # 38-1) ¶ 6.)  When Mr. Sullivan collected the payment, he signed an "Assignment of Claims."  (*Id.* ¶ 7.)  The Assignment states:

> Frank Sullivan hereby assigns to Benjamin Davis all claims he might have against Jennifer Davis, Benjamin Davis, William Davis, the Estate of Jennifer Marie Davis and/or Janet Brown as the Personal Representative of the Estate of Jennifer Marie Davis.

(Dkt. # 38-2 at 15 ("Assignment").)

Mr. Sullivan now brings a lawsuit against Mr. Davis and his wife, the City of Marysville, and two individual police officers.  (*See generally* Am. Compl. (Dkt. # 34).) Mr. Sullivan alleges that, shortly after Jennifer Davis' death, Mr. Davis and Janet Brown removed many of Mr. Sullivan's possessions from the house that he had shared with Jennifer Davis.  (*Id.* ¶¶ 4.22-4.31.)   Specifically, Mr. Sullivan alleges that Mr. Davis and Ms. Brown entered the house with the support of the City of Marysville police and carried away numerous items of his personal property over his strenuous objections.  (*Id.*) Mr. Sullivan alleges claims of conversion and violation of privacy against Mr. and Mrs. Davis.  (*Id.*  ¶ 5, 8.)

//

//

//

//

//

In their motion for summary judgment, Mr. and Mrs. Davis argue that Mr. Sullivan's claims against them are barred because Mr. Sullivan assigned these claims to Mr. Davis pursuant to the Assignment.[1]  (*See* Mot.)

### III.    ANALYSIS

**A.    Summary Judgment Standard**

Federal Rule of Civil Procedure 56 requires a court to grant summary judgment where the moving party demonstrates (1) the absence of a genuine issue of material fact and (2) entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).  The moving party bears the initial burden of production to show an absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  If the moving party will bear the ultimate burden of persuasion at trial, it must establish a prima facie showing in support of its position on that issue.  *UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th Cir. 1994).  That is, the moving party must present evidence that, if uncontroverted at trial, would entitle it to prevail on that issue.  *Id*. at 1473.   Here, Mr. Davis bears the burden of proving his affirmative defense that Mr. Sullivan assigned his claims to Mr. Davis.

//

//

---

[1] The other defendants, namely, the City of Marysville and the two individual police officers, have brought their own motion for summary judgment, which will be addressed separately.  (*See* Police Mot. (Dkt. # 46).)

ORDER- 4

**B.      Authenticity of the Assignment**

Defendants previously brought a motion for summary judgment predicated on the Settlement and the Assignment.  (*See* Dkt. # 19.)  The court denied that motion without prejudice to re-filing because the Assignment was not properly authenticated at that time. (*See* 2/5/14 Order (Dkt. # 29).)  Since then, Defendants submitted requests for admission to Mr. Sullivan to authenticate the Assignment.  (Degan Decl. (Dkt. # 38) Ex. A.) Almost three months have passed since Defendants submitted their requests, and Mr. Sullivan has failed to respond or object to those requests.  (*Id.* ¶ 4.)

Federal Rule of Civil Procedure 36 states:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

Fed. R. Civ. P 36(a)(3).  A district court "may, under proper circumstances and in its discretion, order admitted matters which an answering party has failed to admit or deny, where the information known or readily obtainable after reasonable inquiry was sufficient to enable the answering party to admit or deny." *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1247 (9th Cir. 1981).  Once admitted, a matter "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007)

Here, Mr. Sullivan provides no explanation as to why he has not answered the requests for admission.  (*See generally* Resp. (Dkt. # 41).)   There is no indication that the information readily obtainable to him is insufficient to permit him to admit or deny the

1  request for admission.  *See Asea*, 669 F.2d at 1247.  After all, the Assignment contains

2  his purported signature.  (*See* Assignment.)  Indeed, Mr. Sullivan no longer disputes the

3  authenticity of the Assignment in his briefing.  (*See generally* Resp.)  Because Mr.

4  Sullivan refuses to answer the requests for admission, the authenticity of the Assignment

5  is deemed admitted and conclusively established. *See Conlon*, 474 F.3d at 621.

6  **C.    Interpretation of the Assignment**

7          "A settlement agreement is a contract, so the [c]ourt applies state law to interpret

8  it." *Newport Yacht Club v. City of Bellevue*, C09-0589-MJP, 2011 WL 5417126, at *2

9  (W.D. Wash. Nov. 9, 2011).  The parties agree that Washington state law applies to the

10  Assignment.  (*See generally* Mot.; Resp.)  Under Washington law, interpretation of a

11  contract provision is a question of law when "(1) the interpretation does not depend on

12  the use of extrinsic evidence, or (2) only one reasonable inference can be drawn from the

13  extrinsic evidence." *Tanner Elec. Co-op. v. Puget Sound Power & Light Co.*, 911 P.2d

14  1301, 1310 (Wash. 1996).

15          Here, the Assignment is unambiguous.  The plain language of the Assignment

16  assigned all of Mr. Sullivan's then-existing claims against Defendant Benjamin Davis to

17  Benjamin Davis.  The Assignment reads:

18          Frank Sullivan hereby assigns to Benjamin Davis all claims he might have
            against Jennifer Davis, Benjamin Davis, William Davis, the Estate of
19          Jennifer Marie Davis and/or Janet Brown as the Personal Representative of
            the Estate of Jennifer Marie Davis.
20
    (Assignment.)  The Assignment continues:
21
22          This Assignment includes but is not limited to, claims arising out of the
            action he made against the named estate . . . .  Claims assigned include, but

are not limited to, reimbursement of funds alleged to have been expended for the down-payment for the purchase of any of Ms. Davis' property . . . and all claims he has made or might make based on his claimed pseudo marital relationship with Jennifer Davis.

(*Id.*)  There is no dispute that Mr. Sullivan's claims in this action arose before he signed the Assignment.  (*See generally* Mot., Resp.)  Because the Assignment covers "all claims [Mr. Sullivan] might have" against Benjamin Davis and because the claims assigned "include but are not limited to" the claims listed in the Assignment, the Assignment encompasses Mr. Sullivan's claims in this action.

Nonetheless, Mr. Sullivan argues that the court should interpret the Assignment as covering only the house ownership claims that Mr. Sullivan brought against the Estate. (Resp. at 8-11.)  Specifically, Mr. Sullivan argues that the Settlement between the parties only required Mr. Sullivan to assign the claims relating to ownership of the house, and the Assignment cannot be broader than the Settlement Agreement that engendered it. (*Id.*)  This argument is unavailing.

First, it is not clear that the Settlement in fact only reaches Mr. Sullivan's claims to the house.  To begin, "extrinsic evidence of a party's subjective, unilateral intent as to a contract's meaning is not admissible.*" William G. Hulbert, Jr. et al., v. Port of Everett*, 245 P.3d 779, 784 (Wash. Ct. App. 2011) (citing *Hearst Comm'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005) (en banc)).  As such, the court does not rely on the portions of Mr. Sullivan's declaration that purport to explain his intent to preserve any claims unrelated to house ownership when agreeing to the Settlement.  (*See, e.g.*, Sullivan Decl. ¶ 6.)

1    Turning to the language of the Settlement, on one hand, the Settlement states that

2    "Frank Sullivan's lawsuit and creditor claim are being assigned to spare the parties

3    substantial litigation expense and delay . . . ." (*Id.* ¶ 3.)  This provision suggests that

4    Frank was only required to assign the claims implicated by his lawsuit against the Estate.

5    So too does the provision that "[a]ny and all other claims which plaintiff may have

6    against the defendants, including the loss of any of his personal property, shall be

7    separately addressed . . . by separate proceeding." (*Id.* ¶ 6.)  This provision, however,

8    does not apply to Mr. Davis:  he was not a party to Mr. Sullivan's suit against the Estate,

9    and therefore is not one of the "defendants" encompassed by the provision.  Moreover, in

10   yet another provision, the Settlement places no limits on the claims Mr. Sullivan is

11   required to assign, but rather requires that "Frank Sullivan shall sign an assignment of *all*

12   his claims and his lis pendens against the property . . . to a person or entity designated by

13   Janet Brown." (*Id.* ¶ 2 (emphasis added).)  As such, the Settlement's requirements as to

14   what claims Mr. Davis was required to assign are unclear.  The court will not impute the

15   ambiguity of the Settlement into the Assignment's terms.

16       But even assuming that the Settlement only required Mr. Sullivan to assign his

17   claims to the house, the Settlement does not override the language of the conveyance

18   itself.  Extrinsic evidence is admissible to determine the meaning of specific words and

19   terms used in a conveyance; it is not, however, admissible to "show an intention

20   independent of the instrument" or to "vary, contradict, or modify the written word."

21   *Hearst Comm'ns*, 115 P.3d at 267.  Here, the Assignment's language is not ambiguous:

22   as discussed above, it assigns all claims against Mr. Davis to Mr. Davis.  (*See*

1  Assignment.)  The court will not apply the extrinsic evidence of the Settlement to

2  contradict the plain language of the Assignment.  The mere fact that Mr. Sullivan could

3  have fulfilled the Settlement by assigning only his claims to the house does not prevent

4  him from signing away greater rights in a separate document if he so chooses.  Because

5  the Assignment is unambiguous, summary judgment in favor of Defendants is

6  appropriate.  *See Dice v. City of Montesano*, 128 P.3d 1253, 1257 (Wash. Ct. App. 2006)

7  ("Interpretation of an unambiguous contract is a question of law, thus summary judgment

8  is appropriate.")

9      Mr. Sullivan argues that he did not read the Assignment closely before signing it.

10  (Sullivan Decl. ¶ 6.)  But it is well established that a voluntary signatory is bound to a

11  contract even if she is ignorant of its contents.  *Nat'l Bank of Wash. v. Equity Investors*,

12  506 P.2d 20 (Wash. 1973) ("[A] party to a contract which he has voluntarily signed will

13  not be heard to declare that he did not read it, or was ignorant of its contents.")

14      Mr. Sullivan also argues that the Assignment is invalid because it lacks

15  consideration.  Mr. Sullivan is unable to cite any Washington precedent that requires

16  consideration to support an assignment of a cause of action. (*See* Resp. at 10 n.2

17  (admitting inability to find Washington case law on point).)   To the contrary, some

18  Washington courts have held that lack of consideration does not render an assignment of

19  a cause of action invalid.  *See, e.g.*, *Carlile v. Harbour Homes, Inc.*, 194 P.3d 280, 288

20  (Wash. Ct. App. 2008) (finding that original purchasers of newly-constructed homes

21  successfully assigned their breach of contract claims against the builder to subsequent

22  purchasers without consideration) (quoting *S. Yamamoto v. Puget Sound Lumber Co.*,

1    146 P. 861, 862 (Wash. 1915)).  Moreover, even if consideration were required, it is

2    undisputed that Mr. Davis, on behalf of the Estate, paid Mr. Sullivan $12,222.00 in

3    exchange for the Assignment.  The Settlement provides that "Frank Sullivan shall receive

4    a cashier's check in the amount of $12,222.00 by no later than Tuesday, March 5, 2013"

5    and that "[u]pon receipt of such cashier's check, Frank Sullivan shall sign an assignment

6    of all his claims . . . to a person or entity designated by Janet Brown."  (Settlement ¶ 1,

7    2.)  Mr. Davis provided the funds that the Estate used to pay Mr. Sullivan.  (Davis Decl.

8    ¶ 6.)  Mr. Sullivan admits that when he went to his attorney's office to collect the

9    settlement amount, he signed the Assignment in order to receive the money.  (*See*

10   Sullivan Decl. ¶ 7.)  Therefore, the Assignment is valid.

11          Because Mr. Sullivan assigned his claims to Mr. Davis, Mr. Sullivan is forestalled

12   from bringing these claims against Mr. and Mrs. Davis in this action.  As such, summary

13   judgment is appropriate.[2]

14   //

15   //

16   //

17   //

18   //

19   //

20

21          [2] Mr. Sullivan moves to strike certain portions of Mr. Davis' declaration.  Because the
     court does not rely on any of these portions in making its ruling, the court declines to reach the
22   issues raised in Mr. Sullivan's motion to strike.

1

## IV.   CONCLUSION

2        For the foregoing reasons, the court GRANTS Defendants' motion for summary

3 judgment (Dkt. # 38).

4        Dated this 12th day of May, 2014.

5

6

7

8

9                                          JAMES L. ROBART
                                         United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 11