UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK SULLIVAN,<br><br>          Plaintiff,<br><br>v.<br><br>CITY OF MARYSVILLE, et al.,<br><br>          Defendants.<br><br>BEN DAVIS, et al.,<br><br>          Third-Party Plaintiffs,<br><br>v.<br><br>ROGER HAWKES, et al.,<br><br>          Third-Party Defendants. | CASE NO. C13-0803JLR<br><br>ORDER DENYING THIRD-PARTY PLAINTIFF'S MOTION FOR CONTINUANCE AND GRANTING THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the court on Third Party Defendants Roger Hawkes, Jane Doe Hawkes, and Roger Hawkes, P.S., Inc.'s motion for summary judgment (SJ

ORDER- 1

Mot. (Dkt. # 62)) and Third Party Plaintiff Ben Davis' motion for a continuance (Cont. Mot. (Dkt. # 67)). This case arises from a dispute over the estate of Mr. Davis' mother, Jennifer Davis. The only claim that remains in this case is Mr. Davis' third party claim against attorney Mr. Hawkes and his law firm. Having considered the submissions of the parties, the balance of the record, and the relevant law, and no party having requested oral argument, the court DENIES Mr. Davis' motion for a continuance and GRANTS Mr. Hawkes' motion for summary judgment.

## II.   BACKGROUND

### A.   Factual Background

Jennifer Davis and Plaintiff Frank Sullivan shared a house together. (Davis Decl. (Dkt. # 67-1) ¶ 2; Sullivan Decl. (Dkt. # 41-1) ¶¶ 1, 5.) When Jennifer Davis died, Mr. Sullivan claimed that he had an interest in the house, even though it was titled solely in Ms. Davis' name. (Sullivan Decl. ¶ 5.) He filed first a creditor's claim, and later a lawsuit in Washington State court, against the estate. (*Id.*) Mr. Davis, although not named the personal representative of the estate, participated in the probate proceedings to some extent. (Davis Decl. ¶ 5.) Mr. Sullivan, Mr. Davis, and the personal representative of the estate were later involved in several altercations and disagreements over possession of the house and other estate property. (*See generally* Sullivan Decl.)

Mr. Hawkes represented the estate during the state proceedings. (Davis Decl. ¶ 3.) Those proceedings were settled in mediation. (*Id.* ¶ 9.) Pursuant to the settlement agreement, Mr. Sullivan signed a document ("the Assignment") assigning his claims against the estate, Mr. Davis, and various other people, to Mr. Davis. (*See id.*; Dkt. # 38-2

at 12-14 (settlement agreement), 15 (assignment).) Mr. Hawkes drafted the Assignment. (*Id.*) In exchange for the signing the Assignment, Mr. Sullivan received $12,200.00 from Mr. Davis. (Davis Decl. ¶ 10.) Mr. Davis claims that Mr. Hawkes assured him that providing the funds for the settlement would "end everything," that "there would be no future legal troubles," and that Mr. Davis was "fully protected." (*Id.* ¶¶ 10, 12.) Mr. Davis believed that Mr. Hawkes was representing both him and the estate during the probate process. (*Id.* ¶ 9.)

**B.     Procedural Background**

Notwithstanding the settlement, Mr. Sullivan initiated this federal action against Mr. Davis, the city of Marysville, and two police officers based on the parties' previous altercations over the possession of estate property. (*See generally* Am. Compl. (Dkt. # 34).) Mr. Sullivan filed this suit on May 7, 2013. (*See* Compl. (Dkt. # 1).) Counsel for Mr. Davis appeared on May 29, 2013. (Dkt. # 7.) Based on the joint status report filed by the parties, the court set the following schedule:

- Deadline to Join Additional Parties:  September 30, 2013
- Disclosure of Expert Testimony:  January 22, 2014
- Discovery Cutoff:  March 24, 2014
- Trial:  July 21, 2014

(Sched. Ord (Dkt. # 10); *see also* JSR (Dkt. # 9).) In November, the parties stipulated to an extension of the deadline to join additional parties. (*See* Stip. (Dkt. # 16).) The stipulation assured the court that "[a]ll other scheduling deadlines remain the same." (*Id.*

ORDER- 3

at 1.) Based on this assurance, the court entered an order extending the deadline to join additional parties until December 11, 2013. (*See* 12/2/13 Order (Dkt. # 17).)

On December 11, 2013, Mr. Davis filed a third-party complaint against Mr. Hawkes and Roger Hawkes, P.S., Inc. ("Hawkes Inc.").[1] (*See* 3d. Party. Compl. (Dkt. # 18).) The complaint alleges a claim against Mr. Hawkes for professional negligence. (*Id.* ¶ 3.4.2.) Specifically, the complaint alleges that "Roger Hawkes has committed professional negligence to the extent that the CR 2A Agreement and related Assignment of Claims does not release defendant/third-party plaintiff Ben Davis from all liability for the claims that Frank Sullivan has asserted against him in this lawsuit." (*Id.*)

Mr. Davis failed to serve Mr. Hawkes until March 26, 2013. (Cont. Mot. at 4.) Mr. Davis first invited Mr. Hawkes to accept summons by letter, and then, when Mr. Hawkes declined to waive service, Mr. Davis engaged a process server to serve him. (*Id.*) Mr. Davis never directed any written discovery to Mr. Hawkes and never attempted to schedule Mr. Hawkes' deposition. (Cont. Resp. (Dkt. # 69) at 4.) Mr. Davis also never disclosed any expert witnesses. (*Id.*)

**C.    Current Status**

With respect to Mr. Sullivan's original claims, the court granted summary judgment in favor of Mr. Davis, finding that the assignment Mr. Sullivan signed was valid and barred his claims. (*See* 5/12/14 Order (Dkt. # 58).) The court also granted

---

[1] The third-party complaint also names Janet Brown, as personal representative of the estate, as a third-party defendant. (*See* 3d Party Compl. ¶ 3.3.7.) It appears, however, that Ms. Brown has not been served with the third-party complaint. (*See generally* Dkt.)

ORDER- 4

summary judgment in favor of the city of Marysville and the two police officers. (*See* 5/23/14 Order (Dkt. # 61).) At this stage, all that remains of the litigation is Mr. Davis' third-party claim against Mr. Hawkes. Trial is scheduled to begin in less than a month. (*See* Sched. Ord.)

Because Mr. Hawkes was not served with the third-party complaint until after the dispositive motions deadline, the court granted Mr. Hawkes an extension of time to file a dispositive motion. (*See* Dkt. # 60.) Mr. Hawkes now brings a motion for summary judgment. Mr. Davis has not replied to the motion. (*See generally* Dkt.)

Instead, Mr. Davis has filed a separate motion for a continuance. In that motion, Mr. Davis requests a continuance of both consideration of the summary judgment motion and trial so that he can undertake discovery for the first time, including serving written discovery requests, scheduling and taking depositions, and procuring a legal standard of care expert witness. (*See* Cont. Mot. at 4.) Additionally, a declaration by Mr. Davis' attorney, which the court construes as a reply memorandum, raises for the first time a request to amend Mr. Davis' complaint to add additional claims for breach of fiduciary duty and violations of the Washington Consumer Protection Act ("CPA"), RCW 61.24.135. (*See* Reply (Dkt. # 70) at 2.)

### III. ANALYSIS

**A. Requests for Continuance under Rule 56(d)**

Under Rule 56(d), if the nonmoving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or

declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Rule 56(d) "provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). The failure to conduct discovery diligently, however, is grounds for the denial of a Rule 56(d) motion. *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) (upholding denial of a Rule 56(d) motion because the party was not diligent in pursuing discovery); *see also Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1130 (9th Cir. 2004) ("The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past.") Accordingly, courts routinely deny Rule 56(d) motions if the nonmoving party had adequate time to conduct discovery and cannot establish good cause for its failure to do so. *See, e.g.*, *Qualls By & Through Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994); *Johnson v. Hewlett-Packard Co.*, 546 F. App'x 613, 615 (9th Cir. 2013); *Martinez v. Columbia Sportswear USA Corp.*, 553 F. App'x 760, 761 (9th Cir. 2014); *Cole v. JP Morgan Chase Bank, N.A.*, C13-959RSL, 2014 WL 1320140, at *2 (W.D. Wash. Mar. 31, 2014).

**B.     Modifications of Scheduling Orders under Rule 16(b)**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The focus of the good cause inquiry "is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.

1992). Parties must "diligently attempt to adhere to [the] schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* However, "[i]f that party was not diligent, the inquiry should end." *Id.*; *see also In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). Moreover, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* at 609.

**C.     Mr. Davis' Motion for Continuance**

Mr. Davis requests not just a continuance of the summary judgment motion under Rule 56(d), but also a modification of the court's scheduling order under Rule 16(b) to postpone the trial and extend the discovery and expert witness disclosure deadlines. As set forth above, the standards for granting Rule 56(d) and Rule 16(b) motions both turn on the diligence of the party requesting the delay. *See, e.g.*, *Pfingston*, 284 F.3d at 1005; *Mammoth Recreations*, 975 F.2d at 609. Because he did not diligently pursue discovery in this case, Mr. Davis meets neither standard.

Specifically, under the court's scheduling order, Mr. Davis had over six months before he filed the third-party complaint to conduct third-party discovery of Mr. Hawkes. (*See* Sched. Ord.; Compl.) More to the point, Mr. Davis had over four months after he filed the third-party complaint against Mr. Hawkes to conduct discovery aimed at Mr. Hawkes. He failed to do so.

ORDER- 7

The fact that this failure is based on a preceding failure to serve Mr. Hawkes in a timely fashion does not rescue Mr. Davis. First, Mr. Davis stipulated that the court's extension of the deadline to join additional parties would not affect any other deadlines—including the discovery deadline. (*See* Stip. at 1.) Second, when Mr. Davis chose to wait the requisite 60 days for Mr. Hawkes to waive service, he was well aware that the discovery deadline was looming just four months away. *See* Fed. R. Civ. P. 4(d). Third, Mr. Davis provides no explanation as to why, at the end of that period, he then failed to serve Mr. Hawkes for another 30 days. After all, because Mr. Hawkes is an attorney licensed to practice in the state of Washington, his address is readily available by recourse to Washington State Bar Associations publications, as well as the Bar's website. Such "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* at 609.

The court also notes that Mr. Davis is not asking for a limited extension of time to conduct targeted and specific discovery; rather, he is asking for enough time to begin and finish discovery in its entirety. On top of that, Mr. Davis' reply moves to amend his complaint to add additional claims. (*See* Reply at 2.) But Mr. Davis provides no explanation as to why he waited until one month before trial to make these requests—even though it must have been apparent to him much earlier that he was not going to complete (or even begin) discovery against Mr. Hawkes before the deadline.

In short, Mr. Davis was afforded ample time to conduct discovery, failed to even begin conducting discovery within that timeframe, and is now unable to show any good reason for this failure. Mr. Davis' conduct epitomizes a lack of diligence. Accordingly,

Mr. Davis' motion to continue the summary judgment motion, to continue trial, and to reopen discovery is denied.

**D.     Summary Judgment Standard**

Having denied Mr. Davis' motion to continue consideration of Mr. Hawkes' summary judgment motion, the court turns to the merits of the summary judgment motion. Federal Rule of Civil Procedure 56 permits a court to grant summary judgment where the moving party demonstrates (1) the absence of a genuine issue of material fact and (2) entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of production of showing an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not bear the ultimate burden of persuasion at trial, it can show an absence of issue of material fact in two ways: (1) by producing evidence negating an essential element of the nonmoving party's case, or, (2) showing that the nonmoving party lacks evidence of an essential element of its claim or defense. *Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000).

If the moving party meets its burden of production, the burden shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. *Celotex*, 477 U.S. at 324. The non-moving party "may not rest upon the mere allegations or denials of the [nonmoving] party's pleading," but must provide affidavits or other sources of evidence that "set forth specific facts showing that there is a genuine issue for trial" from which a factfinder could reasonably find in the non-moving party's

favor. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

In determining whether the factfinder could reasonably find in the non-moving party's favor, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). However, a jury "is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978). If the non-moving party fails to produce enough evidence to create a genuine issue of material fact, summary judgment for the moving party is proper. *Nissan Fire*, 210 F.3d at 1106.

**E.     Mr. Hawkes' Motion for Summary Judgment**

To establish a claim for legal malpractice under Washington State law, a plaintiff must prove the following elements: "(1) The existence of an attorney-client relationship which gives rise to a duty of care on the part of the attorney to the client; (2) an act or omission by the attorney in breach of the duty of care; (3) damage to the client; and (4) proximate causation between the attorney's breach of the duty and the damage incurred." *Hizey v. Carpenter*, 830 P.2d 646, 651 (Wash. 1992). To comply with the duty of care, "an attorney must exercise the degree of care, skill, diligence, and knowledge commonly possessed and exercised by a reasonable, careful, and prudent lawyer in the practice of law in this jurisdiction." *Id.* at 652. In the legal malpractice context, "[e]xpert testimony

is often required to determine whether an attorney's duty of care was breached in a legal professional negligence action, because the law is admittedly a highly technical field beyond the knowledge of the ordinary person." *Geer v. Tonnon*, 155 P.3d 163, 170 (Wash. Ct. App. 2007) (granting summary judgment because the plaintiff failed to proffer the expert testimony necessary to establish a breach of the legal duty of care); *see also Kehres v. Ursich*, No. 62952-2-I, 2010 WL 765324, at *3 (Wash. Ct. App. March 8, 2010) (granting summary judgment because plaintiff failed to offer expert testimony to establish a breach of the legal standard of care).

To begin, the court notes that Mr. Davis' third-party claim as pleaded is moot. Mr. Davis' claim as alleged was entirely predicated on a finding that the Assignment was ineffective. Specifically, he alleged that "Mr. Sullivan's claims are *either* barred by the [Assignment] *or* the Estate and Mr. Hawkes have violated duties that they owed to Mr. Davis." (3d Party Compl. ¶ 3.3.9 (emphasis added).) He concluded: "Roger Hawkes has committed professional negligence *to the extent* that the [Assignment] does not release [Davis] from all liability for the claims that Frank Sullivan asserted against him in this lawsuit." (*Id.* ¶ 3.4.2 (emphasis added).) Once the court found that the Assignment barred Mr. Sullivan's claims, Mr. Davis' third-party claim, according to its own definition, became moot. (*See* 5/12/14 Order).

Mr. Davis now seeks to advance a different theory. Mr. Davis asserts that Mr. Hawkes is liable for the mere fact that Mr. Sullivan decided to sue him at all, and argues that if the Assignment had been drafted more "explicitly," Mr. Sullivan would have never instigated this suit. (Cont. Mot. at 4.) This theory, too, fails. Assuming without deciding

ORDER- 11

that Mr. Hawkes owed Mr. Davis a duty of care, Mr. Davis fails to provide even a scintilla of evidence regarding the alleged breach of that duty. *See Anderson*, 477 U.S. at 252.

Washington courts have made clear that, by its very nature, an action for professional negligence in the preparation and conduct of specific litigation involves matters calling for special skill or knowledge that are proper subjects for expert testimony. *See Walker v. Bangs*, 601 P.2d 1279, 1282 (1979). Indeed, Mr. Davis' attorney admits that expert testimony regarding Mr. Hawkes' duty of care is necessary in this case. (*See* Keane Decl. (Dkt. # 67-2) ¶ 8 ("Mr. Davis needs to provide these materials to a legal malpractice expert/breach of fiduciary duty expert who can testify regarding these issues.").) However, Mr. Davis has not disclosed a legal standard of care expert, or submitted any expert opinions regarding the duty of care or alleged breach thereof. As such, summary judgment in favor of Mr. Hawkes is appropriate. *See Geer*, 155 P.3d at 170; *Kehres*, 2010 WL 765324, at *3.

Even if expert testimony were not necessary to establish a breach of the duty of care, Mr. Davis is still unable to carry his summary judgment burden. *See Celotex*, 477 U.S. at 324. Mr. Davis failed to submit any evidence at all in response to Mr. Hawkes' motion for summary judgment.[2] (*See generally* Dkt.) The remainder of the record in this

---

[2] Ordinarily, under this district's local rules "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2). In the summary judgment context, however, "a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *Martinez v. Stanford*, 323 F.3d 1178, 1182-

case contains no evidence regarding the standard of care.[3] A jury is not permitted to resort to speculation. *British Airways*, 585 F.2d at 952. Speculation regarding Mr. Hawkes' duty of care, however, is exactly what the current record requires. Because Mr. Davis fails to produce enough evidence to create a genuine issue of material fact, summary judgment for Mr. Hawkes is proper. *See Nissan Fire*, 210 F.3d at 1106.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Third Party Plaintiff's motion for a continuance (Dkt. # 67) and GRANTS Third Party Defendants' motion for summary judgment (Dkt. # 62).

Dated this 26th day of June, 2014.

JAMES L. ROBART
United States District Judge

---

83 (9th Cir. 2003) (citing Fed. R. Civ. P. 56). As such, the court considers all evidence currently in the record when evaluating this motion.

[3] The closest approximation of any such evidence is the declaration of Mr. Davis' own lawyer, who asserts that "based upon the information available to me . . . I believe that at minimum Mr. Hawkes violated RPC 1.7, and violated RPC 1.8(g)." (Keane Decl. ¶ 4.) This declaration is insufficient to forestall summary judgment for numerous reasons. First, "a conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). Second, the Washington State Supreme Court has made clear that the Rules of Professional Conduct are neither equal to nor coexistent with the standard of care applicable in legal malpractice cases. *See Hizey v. Carpenter*, 830 P.2d 646, 653 (Wash. 1992). Third, Rule of Professional Conduct 3.7 prevents an attorney from testifying on behalf of his client in a case in which he is representing the client. *See* RPC 3.7. Fourth, even if Mr. Keane could testify on behalf of Mr. Davis, Mr. Keane's opinion was not disclosed before the expert disclosure deadline in January, 2014. (Resp. at 6.) Fifth, Mr. Keane himself argues that the evidence currently available is insufficient to form an expert opinion. (*See* Keane Decl. ¶ 8.) Consequently, Mr. Keane's declaration does not raise a genuine issue of material fact.